UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIA MENDOZA,<br><br>            Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI,<br>COMMISSIONER OF SOCIAL<br>SECURITY,[1]<br><br>            Defendant. | Case No. 1:19-cv-1371-HBK<br><br>OPINION AND ORDER TO REMAND CASE TO THE COMMISSIONER[2]<br><br>(Doc. No. 16) |

Plaintiff Lucia Mendoza seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for supplemental security income and disability benefits under the Social Security Act. Pending before the Court are the parties' briefs, submitted without oral argument. (Doc. Nos. 16, 23, 24). For the reasons stated, the Court orders this matter REMANDED for further administrative proceedings.

**I. JURISDICTION**

Plaintiff filed for supplemental security income and disability insurance benefits on May

---

[1] This action was originally filed against Andrew Saul in his capacity as the Commissioner of Social Security. (*See* Doc. 1 at 1). The Court has substituted Kilolo Kijakazi, who has since been appointed the Acting Commissioner of Social Security, as the defendant. *See* Fed. R. Civ. P. 25(d).

[2] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. § 636(c)(1) and Local Rule 302(c)(15).

22, 2015, alleging an onset date of January 1, 2011. (Doc. No. 10-4 at 3). Benefits were denied on October 28, 2015, and again denied upon reconsideration on April 28, 2016. (*Id.* at 30-31, 33-46). Thereafter, Plaintiff appeared for a hearing before Administrative Law Judge Matilda Suhr ("ALJ") on May 28, 2018. (Doc. No. 10-3 at 45-70). Plaintiff was represented by counsel and testified during the hearing. (*Id.*). The ALJ denied benefits (*id.* at 26-70) and the Appeals Council denied review (*id.* at 11). The matter is before the Court under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

## II. BACKGROUND

The facts of this case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and Commissioner. Only the most pertinent facts are summarized.

Plaintiff was 30 years old at the time she filed for disability and supplemental income benefits in 2015 and 33 at the time of the hearing. (Doc. No. 10-3 at 50, 54). She did not finish the eleventh grade of high school and attempted to earn a G.E.D but did not pass. (*Id.* at 50). Plaintiff had one prior job at a car rental company from which she resigned after experiencing workplace harassment. (*Id*. at 51-52). She is the mother of two children. (*Id.* at 53). At the time of the hearing, Plaintiff reported not working and living-off the child support payments she receives from the father of her children and government assistance benefits. (*Id.* at 51). Plaintiff testified that she was "constantly sick all the time" and "can't even explain why because [she's] so young." (*Id.* at 54). She testified to fatigue, hypothyroidism, depression, insomnia, and acute anemia. (*Id.* at 54-56). She testified she walked her two daughters to school, cleaned up the house, did not need help with household chores because the family "didn't have much," but had to frequently lay down throughout the day due to arthritis in her lower back. (*Id.* at 57-62).

## III. STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial

evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## IV. FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity,"

the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the

4

claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## V. ALJ'S FINDINGS

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since January 1, 2011, the alleged onset date. (Doc. No. 10-3 at 29). At step two, the ALJ found Plaintiff had the following severe impairments: left-side hearing loss, mild degenerative disc disease, borderline intellectual functioning, depression, and anxiety. (*Id.*). At step three, the ALJ found the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (*Id.* at 30). The ALJ then found the following RFC:

> To perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can lift and carry 10 pounds frequently and 20 pounds occasionally. She could stand, walk, and/or sit for 6 hours out of an 8-hour workday. The claimant can only have occasional public contact. She must avoid prolonged exposure to dust, odors, fumes, or other pulmonary irritants and no loud work environments. The claimant can perform noncomplex and routine tasks.

(*Id.* at 32). At step four, the ALJ found Plaintiff had past relevant work as an auto rental clerk but is not capable of doing the former job based on current RFC. (*Id.* at 37). At step five,

considering Plaintiff's age, education, work experience and RFC, the ALJ found there are jobs that exist in the national economy including: inspector, hand packager, garment sorter, and a marker. (*Id.* at 38). Therefore, the ALJ concluded Plaintiff has not been under a disability, as defined in the Social Security Act, since May 22, 2015, the date the application was filed. (*Id.* at 39).

## VII. ISSUES ON APPEAL

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income and disability insurance benefits. (Doc. No. 1). Plaintiff raises the following issues for this Court's review:

> 1. The ALJ failed to include limitations from Dr. Zhang in the RFC despite according those portions of the opinion "great weight" and by failing to offer any reason for rejecting Zhang's opinions; and
>
> 2. The ALJ's RFC was erroneous when the ALJ failed to develop the record and obtain an updated assessment of Plaintiff's physical functioning, instead improperly relying upon her own lay estimation of the medical data and failing to explain how the record supported an RFC for light work.

(Doc. No. 16 at 1; Doc. No. 23 at 18-36). Plaintiff further argues that the above errors were not harmless and constituted legal error to warrant a remand. (Doc. No. 16. at 12-13).

## VIII. DISCUSSION

**A. RFC**

Plaintiff argues the ALJ erred in framing the RFC because she gave "great weight" to Dr. Zhang's opinion concerning Plaintiff's moderate limitations, but then did not include all limitations mentioned by Zhang in the RFC. (Doc. No. 16 at 1, 9-12). More specifically, Plaintiff notes Dr. Zhang found Plaintiff had "moderate limitations" in her ability to "interact appropriately with co-workers, supervisors, the public, perform work activity without special or additional supervision, and respond appropriately to usual work situations and to changes in a routine work setting." (*Id.* at 9). And, despite the ALJ giving this portion of Dr. Zhang's opinion "great weight," the ALJ did not include interaction with co-workers or supervisors in the RFC and her failure to do so constitutes harmful error. (*Id.* at 11). Plaintiff further faults the ALJ for not properly rejecting this portion of Dr. Zhang's opinion with "specific and legitimate reasons

6

that are supported by substantial evidence of record." (*Id.*). Plaintiff argues that the failure of the ALJ to include Plaintiff's limited ability to interact with peers or be supervised in a work setting requires a remand for proper consideration of the vocational impact. (*Id.* at 11).

In opposition, the Commissioner responds by first reviewing Plaintiff's symptom claims, stating a review is necessary because much of the RFC analysis is dependent on Plaintiff's subjective symptom testimony. (Doc. No. 23 at 20, n. 7). The Commissioner reviews the ALJ's articulated reasons for finding that Plaintiff's allegations of work preclusive symptoms were not consistent with the evidence of record, arguing the ALJ did provide clear and convincing reasons for rejecting Plaintiff's symptomology. (Doc. No. 23 at 20-25). The Commissioner then turns to address the Plaintiff's RFC arguments, contending the ALJ properly considered medical opinion evidence and other evidence of record to determine an appropriate RFC. (*Id.* at 25-32).

Plaintiff's assignment of error does not involve Plaintiff's testimony of symptomology. Instead, Plaintiff's first argument concerns the ALJ's opinion giving great weight to Dr. Zhang's opinion but failing to include Dr. Zhang's finding that Plaintiff was "moderately limited" in her ability to interact with co-workers and a supervisor in the RFC. A review of the ALJ opinion confirms the ALJ gave Dr. Zhang's opinion "partial weight" in the first paragraph, but subsequently gave Dr. Zhang's opinion "great weight" with regard to the finding that Plaintiff was "moderately impaired in her ability to interact appropriately with co-workers, supervisors, and the public." (Doc. No. 10-3 at 35). As more fully discussed below, the review of the RFC confirms that while it did include a limitation for interacting with the public, it did not include any limitation for interactions with co-workers or a supervisor. (*Id.* at 37).

The RFC assessment is an administrative finding based on all relevant evidence in the record, not just medical evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). In determining the RFC, the ALJ must consider all limitations, severe and non-severe, that are credible and supported by substantial evidence in the record. (*Id.*) (RFC determination will be affirmed if supported by substantial evidence). If the hypothetical posed to the vocation expert contains all the limitations the ALJ found credible and supported by substantial evidence in the record, then the ALJ's reliance on testimony the vocational expert gave in response is proper.

(*Id.*) (internal citations omitted).  An ALJ's RFC findings need only be consistent with relevant assessed limitations and not identical to them. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010).

As set forth *supra*, the ALJ determined Plaintiff's RFC as follows:

> To perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can lift and carry 10 pounds frequently and 20 pounds occasionally.  She could stand, walk, and/or sit for 6 hours out of an 8-hour workday.  The claimant can only have occasional public contact.  She must avoid prolonged exposure to dust, odors, fumes, or other pulmonary irritants and no loud work environments. The claimant can perform noncomplex and routine tasks.

(*Supra* at 6) (citing Doc. No. 10-3 at 32).

Dr. Zhang completed a mental evaluation of Plaintiff on September 15, 2015.  (Doc. No. 10-8 at 45).   On the evaluation form, under "medical source statement functional assessment," Dr. Zhang noted Plaintiff had "moderate impairment" in her "ability to interact appropriately with co-workers, supervisors, and the public." (Doc. No. at 10-8 at 49).  The form does not appear to define "moderate impairment." (*Id.* at 45-50).  This was the only comment from Dr. Zhang regarding Plaintiff's ability to work with co-workers, supervisors, and the public.   Dr. Zhang's evaluation further found "no impairment" with Plaintiff's ability to understand, remember, and carry out simple instructions.  (*Id.* at 49).  Dr. Zhang noted a "mild impairment" on Plaintiff's ability to understand, remember, and carry out detailed and complex instructions; maintain concentration, persistence, and pace in common work settings; ability associated with daily work activities including attendance and basic safety; maintain consistent work attendance to perform routine work duties.  (*Id.*).  Other "moderate impairments" included in Dr. Zhang's report involved Plaintiff's ability to respond appropriately to usual work situations, changes in a routine work setting, and ability to perform work activity without special or additional supervision.  (*Id.*).

The RFC included a scenario for limited contact with the public but failed to include limited contact with co-workers or with supervisors.  The issue before this Court is whether this was an error; and, if so, whether it constituted harmless error.  In response Defendant argues that a "moderate limitation" per agency policy means "that an individual has more than a slight

1 limitation' but is still able to function satisfactorily." (Doc. No. 23 at 30) (citing *Hearings*
2 *Appeals and Litigation Manual* (HALLEX), I-2-5-20, referencing Form HA-1152, Medial Source
3 Statement of Ability to do Work-related activities (Mental)).  Defendant thus argues the RFC
4 including "limited contact with the public" is not inconsistent with the RFC accounting only for
5 public contact, but not co-workers and supervisors. (*Id.*).  Defendant points to Dr. Zhang and
6 other examining physicians' reports, noting none of the physicians found specific limitations
7 interacting with co-workers or supervisors. (*Id.*).  Defendant further argues Plaintiff fails to
8 identify any "specific evidence in the record that would support such additional limitations."
9 (*Id.*).  Finally, Defendant argues, in the alternative, that if the ALJ erred by not including limited
10 contact with co-workers and supervisors in the RFC, the error is harmless because there is ample
11 evidence to support the ALJ's decision. (*Id.* at 30-31).

12      Defendant's argument is well taken, in part.  Dr. Zhang's assessment does not show that
13 Plaintiff is incapable of performing the skills or functions indicated.  Indeed, Dr. Zhang noted
14 only moderate limitation in Plaintiff's ability to interact with the public, supervisors, and co-
15 workers without further explanation.  When the ALJ credits the functional limitations of a
16 medical source, the RFC need not expressly incorporate each of those limitations if the RFC
17 embraces and accounts for limitations, so long as it's not inconsistent with the medical opinion.
18 *Turner v. Comm'r*, 613 F.3d 1217, 1222-23 (9th Cir. 2010) (finding limitations in the RFC to be
19 "entirely consistent" with the medical source's limitations).

20      However, here the ALJ gave great weight to Dr. Zhang's opinion finding Plaintiff had
21 moderate limitation in her ability to interact appropriately with co-workers, supervisors, and the
22 public,[3] but then did not include the moderate limitation with co-workers or supervisors in the
23 RFC.  In *Gentry v. Colvin*, the court remanded a case with similar facts because the RFC only
24 included the claimant's moderately limited ability in contact with the public but did not consider
25 the claimant's moderately limited ability to interact with co-workers and supervisors. *Gentry*,
26 Case No. 1:12-cv-018250-SKO, 2013 WL 6185170 *15-*16 (E.D. Cal. Nov. 2013).  The *Gentry*

---

28 [3] As noted above, the ALJ gave only "partial weight" to Dr. Zhang's opinion overall. (*See* Doc. No. 10-3 at 35).

court was not persuaded by defendant's argument that the RFC inclusion of limited contact with the public sufficiently included limited contact with co-workers and supervisors.  (*Id.* at *16) (citing *Sackett v. Colvin*, Case No. C12-5353-TSZ-JPD, 2013 WL 1966156, where the court likewise remanded when the RFC's limitation described 4-step repetitive tasks, visual instruction, and superficial and occasional contact with the public, but did not include the limitation with supervisors and co-workers).

Similar to *Gentry* and *Sackett*, here the ALJ gave great weight to Dr. Zhang's opinion finding Plaintiff had moderately limited ability in contact with the public, supervisors, and co-workers, but neither the RFC nor the hypotheticals presented to the vocational expert included the limitations concerning supervisors and co-workers. (*See* Doc. No. 10-3 at 67-69).  A claimant's limitation on the ability to interact with co-workers and supervisors is in conflict with the basic requirements of unskilled work and "has the potential to significantly erode the occupational base."  *See Terrill v. Berryhill*, Case No. 1:17-cv-00751-BAM, 2018 WL 4503429 (E.D. Cal. Sept. 19, 2018); *Gonzalez v. Astrue*, Case No. 1:09-cv-01306-GSA, 2010 WL 4392911 (E.D. Cal. Oct. 29, 2010).

Further, the ALJ's inclusion of limited contact with the public does not subsume the limitation with supervisors and co-workers.  Other courts have reached the same conclusion.  *See Dennis*, 2015 WL 3867506 *8 (citing *Hann v. Colvin*, No. 12-cv-06234-JCS, 2014 WL 1382063, at *22 (N.D. Cal. March 28, 2014) (although ALJ gave great weight to medical source's opinion, including opinion that the claimant had moderate deficits in her ability to interact effectively with the public, co-workers, and supervisors, the RFC provided a limitation addressing only occasional contact with the public and co-workers and no mention of supervisors; court held that because the opinion "applied all three of these categories of people—and this opinion as concrete, not requiring 'translation'; the ALJ should have included it as a limitation in her RFC"); *Kehn v. Colvin*, 12-cv-0399-JPH, 2013 WL 6195715, at *9 (E.D. Wash. Nov. 27, 2013)(ALJ erred by omitting restriction on supervisor interaction with supervisors from RFC))(other citations omitted).

///

**B. Additional Assessments of Error**

Plaintiff additionally argues the ALJ erred in by failing to develop the record and obtain an updated assessment of Plaintiff's physical functioning, instead relying on her own lay opinion. (Doc. No. 16 at 12-16). Also, Plaintiff assigns error to the ALJ for failing to explain how the record supports an RFC for light work and in formulating the RFC. (*Id.*).

Here, despite giving great weight to a medical opinion recognizing moderate limitations on Plaintiff's ability to interact with the public, co-workers, and supervisors, the ALJ's RFC improperly excluded limitations on interactions with co-workers and supervisors. This error calls into question whether the assessed RFC and the resulting hypothetical propounded to the vocational expert are supported by substantial evidence. Thus, having found a remand is warranted, the Court declines to address the remaining arguments. *Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("because we remand the case to the ALJ for the reasons stated, we declined to reach [plaintiff's] alternative ground(s) for remand."); *Augustine ex rel. Ramirez v. Astrue*, 536 F.Supp.2d 1147, 1153 n. 7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

**C. Remedy**

Plaintiff seeks remand for proper evaluation of Plaintiff's limitations. (Doc. Nos. 16 at 15; 24 at 2-3). For the reasons above, the Court agrees and finds further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose).

On remand, the ALJ should reevaluate all relevant medical evidence. If necessary, the ALJ should order additional consultative examinations and, if appropriate, take additional testimony from medical experts. The ALJ should conduct a new sequential analysis, reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

///

Accordingly, it is **ORDERED**:

1. Pursuant to sentence four of 42 U.S.C.§ 405(g), the Court REVERSES the Commissioner's decision and REMANDS this case back to the Commissioner of Social Security for further proceedings consistent with this Order.
2. An application for attorney fees may be filed by separate motion.
3. The Clerk shall terminate any motions and deadlines and close this case.

Dated:   March 10, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE